IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2008

Charles R. Fulbruge III
Clerk

No. 08-10089

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEX PEREZ

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-131-A

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alex Perez was convicted of possession of narcotics with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. He appeals the district court's denial of his motion to suppress evidence, as well as two aspects of his sentencing. For the following reasons, we affirm.

I. FACTS AND PROCEEDINGS

On the night of July 18, 2007, Officer T.L. Eddleman—a Fort Worth Police Department Gang Enforcement officer—was patrolling a Fort Worth

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neighborhood notorious for gang violence. He was accompanied by a U.S. Immigration and Customs Enforcement ("ICE") agent who was searching for individuals wanted by ICE. According to Eddleman's testimony at the suppression hearing, the two officers were driving an unmarked vehicle with deeply tinted windows preventing anyone outside the vehicle from seeing its occupants. They observed a group of Hispanic males standing in the public roadway in front of a residence that Eddleman knew was occupied by members of the Varrio North Side ("VNS") gang. Eddleman also knew that this house was a focal point of violence because it was located in an area controlled by VNS's rival gang, Varrio Diamond Hill ("VDH"). Eddleman recognized one of the Hispanic males as a documented VNS member. Perez, who was also standing in front of the residence, is a documented VNS member as well, but Eddleman did not recognize him as such before arresting him.

As the unmarked vehicle passed by, Perez flashed a VNS gang hand sign, broke from the group, and took steps toward the car in a very aggressive manner. Eddleman testified that such behavior is typical of how gang members "claim their turf and instigate altercations." After coordinating an approach of the residence with other officers, Eddleman arrested Perez for disorderly conduct.[1] The officers requested proof of identification from Perez. According to Eddleman's testimony, Perez indicated that he had left his ID in his bedroom and offered to lead officers into the residence to retrieve it. Eddleman retrieved Perez's driver's license from the pocket of a pair of pants on the floor of the

---

[1] Under the Texas disorderly conduct statute, "[a] person commits an offense if he intentionally or knowingly . . . makes an offensive gesture or display in a public place, and the gesture or display tends to incite an immediate breach of the peace." TEX. PENAL CODE § 42.01(a)(2).

bedroom, as directed by Perez. The pocket also contained $1,200 in cash. While in the bedroom, Eddleman observed a clear plastic bag containing a white powdery residue resembling cocaine in plain view on the floor. After obtaining a search warrant for the residence, officers found large quantities of marijuana, cocaine, and cutting agent, as well as significant amounts of cash and firearms. Perez later waived his Miranda rights and admitted that the currency, cocaine, and firearms seized from the house belonged to him. He was charged with various narcotics and firearms offenses.

Perez filed a motion to suppress seeking exclusion of the evidence, arguing, among other things, that his disorderly conduct arrest violated his First Amendment rights. At the suppression hearing, Perez testified that, when the unidentified vehicle drove by, he was able to see that its occupants were police officers. He denied having made the VNS gang hand sign observed by Eddleman. He also testified that he did not consent to the officers' entry into his residence after his arrest. The district court did not find Perez's testimony to be credible. It denied his motion to suppress, finding that Perez was not aware that the vehicle was a police car, that he made the gang hand sign to provoke a violent altercation, and that he voluntarily led the officers into the residence. The district court also held that even if Perez did not violate Texas's disorderly conduct statute, a reasonable officer would have believed that such violation occurred.

Perez entered a conditional plea of guilty the next day, reserving the right to appeal two issues: whether his arrest was illegal because his conduct was protected speech under the First Amendment, and whether police entry into the residence was illegal and not voluntary. The district court sentenced Perez to a total of 228 months of imprisonment under the Sentencing Guidelines; it

applied an obstruction of justice enhancement for committing perjury during the suppression hearing and refused to reduce Perez's sentence for acceptance of responsibility. Perez appeals the denial of his motion to suppress—stating First Amendment grounds only—and the district court's application of the two sentencing adjustments.

## II. DISCUSSION

A. Suppression of Evidence

Perez contends that his arrest for disorderly conduct under § 42.01(a)(2) of the Texas Penal Code was illegal because his gang hand sign was protected speech under the First Amendment. Importantly, Perez does not challenge the constitutionality of § 42.01(a)(2). As he correctly notes, the Supreme Court has recognized that the language of the statute was "designed to track the 'fighting words' exception" to the First Amendment set forth in Chaplinsky v. New Hampshire, 315 U.S. 568 (1942). City of Houston v. Hill, 482 U.S. 451, 462 n.10 (1987) (discussing § 42.01(a)(1), which covers verbal disorderly conduct and uses the same language as § 42.01(a)(2), the disorderly conduct gesture subsection); see also Coggin v. State, 123 S.W.3d 82, 87 (Tex. App. 2003) (holding that "the conduct proscribed under section 42.01(a)(2) falls within the 'fighting words' exception" to the First Amendment). Instead, the core of Perez's argument is that he did not violate § 42.01(a)(2) because his hand gesture did not amount to "fighting words."

Perez's appeal thus focuses exclusively on the alleged violation of § 42.01(a)(2). It ignores the district court's alternative holding that "whether or not the conduct that Officer Eddleman described violated Section 42.01 of the Texas Penal Code"—i.e., whether or not the gang hand sign constituted "fighting

words"—"a reasonable officer would believe that such a violation did occur." This holding applies the so-called "good faith exception" to the exclusionary rule, under which "evidence is not to be suppressed where it is discovered by officers in the course of actions that are taken in good faith and in the reasonable, though mistaken, belief that they are authorized." United States v. De Leon-Reyna, 930 F.2d 396, 400 (5th Cir. 1991) (en banc) (internal quotation and alteration omitted). Perez failed to discuss this application of the good faith exception in his initial brief to this court;[2] he therefore waived any challenge to it. See, e.g., R.R. Mgmt. Co. v. CFS La. Midstream Co., 428 F.3d 214, 220 n.3 (5th Cir. 2005) (noting that where an appellant challenges only one of the district court's alternative holdings, his argument that the alternative holding was in error is waived). Because Perez waived his challenge to the district court's alternative holding, his appeal on the suppression issue necessarily fails. Accordingly, we affirm the district court's denial of Perez's motion to suppress based on the good faith exception, and need not address the merits of his First Amendment argument.

B. Application of Sentencing Guidelines

(1) Standard of Review

This court "review[s] the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error." United States v. Trujillo, 502 F.3d 353, 356 (5th Cir. 2007). A finding of obstruction of

---

[2] Perez addressed the good faith exception holding in his reply brief—after it was raised by the government—and argued that it was not applicable to an arrest in violation of the First Amendment. However, "[a]rguments raised for the first time in a reply brief are waived" and will not be considered by this court. Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873, 879 n.18 (5th Cir. 2004).

justice under Section 3C1.1 of the Sentencing Guidelines is a factual finding reviewed for clear error, and therefore will be affirmed if it is "plausible in light of the record as a whole." United States v. Juarez-Duarte, 513 F.3d 204, 208 (5th Cir. 2008). Further, in reviewing a finding of obstruction of justice, this court "give[s] deference to the credibility determinations of the district court." Id. With respect to a district court's decision not to award a reduction in offense level for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines, the standard of review is even "more deferential than the clearly erroneous standard;" reversal is warranted only when the district court's denial of the reduction is "without foundation." Id. at 211 (quotation omitted).

(2) Analysis

(a) Obstruction of Justice

Perez challenges the two-level enhancement of his sentence for obstruction of justice. Under Section 3C1.1 of the Sentencing Guidelines, the enhancement is applicable "[i]f (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct . . . ." The commentary to Section 3C1.1 provides examples of conduct that justifies the enhancement—including "committing, suborning, or attempting to suborn perjury." U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.4(b). To impose the enhancement on the basis of perjury, "the court must find that the defendant gave 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion,

mistake, or faulty memory.'"   United States v. Reed, 26 F.3d 523, 531 (5th Cir. 1994) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)).

The district court found that Perez committed perjury when he testified at the suppression hearing that he did not "flash any gang signs" during the evening he was arrested—a statement that directly contradicts Eddleman's testimony and the factual findings of the district court.  The district court noted that Perez was under oath when he gave the testimony, and that his false statement was not a mistake or accident, but was made intentionally.  Further, the district court found that Perez's false testimony was material and relevant to the case, because it was intended to influence the court to rule in his favor. See United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995) ("'Material,' as defined in the commentary to the sentencing guidelines, 'means evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination'" (quoting U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.5)).  It is well-established that, under these circumstances, a defendant's commission of perjury at a suppression hearing supports the application of a Section 3C1.1 enhancement.  See id. at 91; Reed, 26 F.3d at 531.

Perez does not dispute the falsity or materiality of his testimony at the suppression hearing, nor does he argue that his false statements were unintentionally made.  Rather, Perez contends that the enhancement was improper because it resulted from his exercise of his constitutional right to challenge the evidence against him on First Amendment grounds.  In support of his position, Perez quotes the following commentary to Section 3C1.1:

> Limitations on Applicability of Adjustment.—This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt

under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision.

U.S. SENTENCING GUIDELINES MANUAL § 3C1.1 cmt. n.2. Clearly, this language does not preclude defendants committing perjury from being subject to the obstruction of justice enhancement—in fact, the commentary expressly excludes "denial of guilt under oath that constitutes perjury" from its protection. Further, the Supreme Court has repeatedly held that "a defendant's right to testify does not include a right to commit perjury." Dunnigan, 507 U.S. at 96. The district court's application of Section 3C1.1 was not punishing Perez's attempt to suppress allegedly unconstitutional evidence or to assert his First Amendment rights. It was the consequence of Perez's perjury at the suppression hearing—a well-recognized justification for imposing the enhancement. Accordingly, the district court's imposition of the obstruction of justice enhancement was proper.

(b) Acceptance of Responsibility

Perez argues that, by pleading guilty to the drug charges against him, he demonstrated acceptance of responsibility for his offense and thus should have been granted a reduction in his sentence under Section 3E1.1 of the Sentencing Guidelines. Ordinarily, conduct resulting in an enhancement for obstruction of justice "indicates that the defendant has not accepted responsibility for his criminal conduct." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.4; see also Juarez-Duarte, 513 F.3d at 211. Only in "extraordinary cases" will both adjustments apply. U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 cmt. n.4.

Perez cites commentary to § 3E1.1, which provides that a defendant's "constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct" does not preclude a defendant from consideration for a

Section 3E1.1 adjustment.  Id. § 3E1.1 cmt. n.2.  This commentary is intended to protect defendants who accept responsibility but nevertheless go to trial in order "to assert and preserve issues that do not relate to factual guilt," id., not defendants who commit perjury.  Perez has not shown that this case "rise[s] to the level of being an 'extraordinary case'" that would warrant reducing his sentence despite his obstruction of justice.  See Juarez-Duarte, 513 F.3d at 211 (quotation omitted).  Therefore, there was adequate foundation for the district court to deny a § 3E1.1 adjustment for acceptance of responsibility.  See id.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.